[Civ. No. 1248.   Second Appellate District.—February 25, 1913.]

## WM. HUMPHREY, Appellant, v. E. B. DUNNELLS, Respondent.

Nuisance—Right of Individual to Have Abated.—The fact that a city charter authorizes the common council to declare what shall constitute a nuisance and to abate the same does not deprive an individual of the right to have a thing abated which in fact constitutes a private nuisance, although it has not been declared a nuisance by the council.

Id.—Trees Interfering With Access to Street — City cannot Legalize.—A city council cannot legalize the location of trees along a street so as to injure the right of ingress or egress of an abutting property owner.

Id.—Access to Street—Protection from Encroachment.—An abutting property owner's right of ingress and egress is a right of property to which he is entitled to protection even against encroachments created by the municipality.

Id.—Trees Interfering With Access to Street—Compelling Removal.—A person who has set out trees along a street of sufficient size and number to damage an abutting property owner's means of ingress and egress may be required to remove them, notwithstanding the municipal authorities may have consented to their setting out.

APPEAL from a judgment of the Superior Court of San Diego County.  W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Wm. Humphrey, *in pro. per.*, for Appellant.

Eugene Daney, for Respondent.

JAMES, J.—Plaintiff brought this action to compel defendant to abate an alleged nuisance and for damages. The trial court granted a motion for judgment of nonsuit and plaintiff has appealed.

The facts constituting the cause of action set out in plaintiff's complaint were fully sustained by the evidence. It appears that plaintiff and defendant are the owners of property abutting upon that portion of Third Street, the same being a public street in the city of San Diego, lying

between Redwood and Quince streets. Third Street extends
north and south and it is intersected at right angles from the
west by Redwood and Quince streets, Redwood Street being
at the north. The distance between Redwood and Quince
streets is three hundred feet. Defendant's property is
located on the west side of Third Street and extends from
the corner of Redwood Street south one hundred and fifty
feet. Plaintiff is the owner of the fifty feet immediately
adjoining defendant's property at the south, upon which
there is a modern residence building. Plaintiff also is the
owner of the ground immediately opposite that of defend-
ant and extending from the corner of Third and Redwood
streets one hundred feet south on Third Street. Third Street
between Quince and Redwood streets is admitted to be a public
lic street, but the same has never been graded by the munici-
pality and at its junction with Redwood Street a fence has
been placed by the city to prevent vehicles from entering
Third Street toward the south. Third Street is eighty feet
in width, but the ground from Quince Street northerly
toward Redwood, for a large portion of its width, falls away
in a sharp declivity which forms a deep cañon at the east.
From a point opposite the line dividing the property of
defendant from plaintiff the cañon or declivity bears toward
the east and the ground constituting Third Street from that
point north to Redwood Street is comparatively level.
Defendant's property fronts also upon Redwood Street,
which is a graded, traveled street, and which furnishes him
means of access and egress at the north line of his property.
Commencing about twelve years ago, from time to time,
defendant planted trees in Third Street across almost the
entire width thereof and for the full length of the one hun-
dred and fifty feet along and opposite his property. These
trees were so located and grew to such a size as to make that
portion of Third Street impassable to vehicles. About
twenty-seven or thirty feet of the width of Third Street from
Quince northerly to plaintiff's fifty-foot lot, is passable and
had been used as a driveway, but the location of the trees
planted by defendant has made it extremely difficult, if not
impossible, for vehicles to turn about at the point where such
drive ends. Further, the trees prevent free passage for
vehicles to plaintiff's one hundred-foot lot on the opposite

side of Third Street. It was shown by the evidence that plaintiff could have leased his one hundred-foot lot for a term of years at fifteen dollars per month, providing the trees were removed, and that plaintiff was compelled to accept at least five dollars less per month as rental for the use of the house on the fifty-foot lot, than he would receive were the obstruction caused by the trees removed. The foregoing statement shows in substance the undisputed evidence as it was submitted to the trial court upon the motion for judgment of nonsuit, except that there was introduced by way of documentary evidence an ordinance of the city of San Diego affecting the planting of trees on the public streets. This ordinance was one designed to provide for the planting of trees along sidewalk lines, but not in the street way proper. Its provisions were specific in that respect, as it directed that on streets with ten-foot sidewalks trees should be planted eight and one-half feet from the property line; on streets with twelve-foot sidewalks such trees should be planted ten feet from the property line etc. It also contained a provision declaring that it should be unlawful "to cut, girdle or mutilate, or in any manner damage, or injure any tree or trees planted in any of the streets of the city of San Diego, provided that nothing herein contained shall prevent the owner or agent of the property in front of which such trees are planted from properly trimming such trees." A penalty was fixed for the violation of this latter provision. The freeholders' charter under which the government of the city of San Diego is carried on, contains a provision that the common council shall have authority to regulate and control the use of streets, sidewalks, and highways, and prevent encroachments upon the same, and to declare what shall constitute a nuisance and provide for the abatement or removal thereof. The judgment of nonsuit as entered contained the following recital: "The plaintiff having rested his case, thereupon the defendant moved that a nonsuit be granted herein on the ground that the plaintiff had not established a cause of action against the defendant, and that it affirmatively appeared from plaintiff's testimony that by virtue of the provisions of the city charter, and of the city ordinances of the city of San Diego, California, the defendant did not have the legal right to abate the alleged nuisance complained

of, or to remove the trees mentioned in plaintiff's complaint. And said motion having been argued by counsel and submitted to the court for consideration and decision, the motion of said defendant was this day granted by the court.'' The view apparently taken by the trial judge, and which is urged in the brief of respondent filed herein, was that the trees planted by defendant in the public street could not constitute a nuisance under the provisions of the city charter, unless so declared to be by the common council, and that the ordinance referred to was designed to protect all trees wherever they might be planted in a public highway. It cannot be said that the provisions of the city charter, vesting authority in the common council to declare what may constitute a nuisance and to abate the same, take away from any citizen the right to proceed to have a thing which may constitute in fact a private nuisance abated, notwithstanding that the common council has never taken cognizance of it as such. In no wise can it be said that the provisions of section 731 of the Code of Civil Procedure, in the rights there conferred are thus affected or abrogated. This section provides in part as follows: ''An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, as the same is defined in section thirty-four hundred and seventy-nine of the Civil Code, and by the judgment in such action the nuisance may be enjoined or abated as well as damages recovered therefor.'' By section 3479 of the Civil Code, a nuisance is defined to be: ''Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway.'' As we read the provisions of the city ordinance affecting the matter of the planting or removal of shade trees along public streets, we conclude that such provisions were designed to regulate the planting and removal of such trees only where planted along sidewalk lines; and even though the effect of the ordinance should be extended and be said to apply to trees planted in that portion of a street designed for the passage of vehicles, surely

it must be that the city council would be without power to legalize the location of such trees where they are of sufficient size and number as to affect an abutting property owner and damage his means of ingress and egress. The right of ingress and egress is a right of property which the abutting owner is entitled to be protected in, and even against encroachments created by a municipality. A violation of this right by obstruction creates a private nuisance for the abatement of which and for damages an individual is entitled to sue. (*Schaufele* v. *Doyle et al.,* 86 Cal. 107, [24 Pac. 834]; *Fisher* v. *Zumwalt,* 128 Cal. 493, [61 Pac. 82]; *Lind* v. *City of San Luis Obispo,* 109 Cal. 340, [42 Pac. 437].) The trees planted by defendant, and which obstructed the use of the street in the manner complained of by plaintiff, may have been planted with the passive consent of the city authorities, but, as we have noted, any permission so obtained to plant the trees, whether of an active or passive sort, could furnish no protection to defendant where the result of his act was to injuriously affect the right of ingress or egress which plaintiff was entitled to enjoy. The case of *Vanderhurst* v. *Tholcke,* 113 Cal. 147, [35 L. R. A. 267, 45 Pac. 266], cited by respondent, does not conflict with the conclusions herein expressed. That was an action brought by an individual to enjoin the authorities of Salinas City from cutting down and removing as a nuisance certain shade trees growing along the sidewalk in front of plaintiff's premises, the court holding that the city had the right, under its charter, to cause the removal of trees if they were deemed to be an obstruction to public travel and as a nuisance, and that an action by the property owner could not be maintained for that cause. The trees of which plaintiff complains were planted by defendant, watered and maintained by him. Defendant was the active cause, not only in creating the obstruction complained of, but in preserving it and making it even more effective as a complete obstruction to the street.

For the reasons stated, we think the judgment of nonsuit should not have been entered.

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.