G. S. CHILDS, C. A. BARNETT, E. W. BUNKER, W. K. OSBORNE, C. C. MAST AND A. E. PARKER, AS MEMBERS OF THE BOARD OF COMMISSIONERS OF SOUTH LAKE WORTH INLET DISTRICT, *Appellants,* v. JESSE DOUGHERTY, H. BENSON AND CHARLES MEYERS, *Appellees.*

### Opinion Filed January 25, 1917.

EQUITY PRACTICE—DEMURRER ADMITS MATERIAL ALLEGATIONS OF BILL TO BE TRUE.

When the allegations of a bill for injunction justify the grant of the writ, and such bill is demurred to generally, such demurrer admits the material allegations of the bill to be true; and where a motion to dissolve such injunction is predicated upon such demurrer, denial of such motion is proper; and such demurrer is properly overruled.

Appeal from Circuit Court for Palm Beach County, H. Pierre Branning, Judge.

Orders affirmed.

*O. S. Miller,* for Appellants;

*Atkinson & Burdine,* for Appellees

TAYLOR, J.—The appellees as tax payers of Palm Beach county filed their verified bill in equity in the Circuit Court of said county against the appellants as Commissioners of South Lake Worth Inlet District, which bill, omitting its formal parts, alleges as follows:

"2. That on the 15th day of October, A. D. 1915, the said defendants and each of them were duly elected to the office of Commissioner of South Lake Worth Inlet Dis-

trict, at an election held in said district pursuant to the provisions of Chapter 7080 Laws of Florida, Acts of 1915; that the said defendants, constituting said Board of Commissioners, have met and organized in accordance with the requirements of said Statute and are now ready to enter upon the discharge of their duties.

"3. Further complaining, your orators say that the said Commissioners, the defendants herein, should not be permitted to exercise the powers and privileges granted to them and each of them by the terms of said Act and should not be permitted to perform the duties and obligations imposed upon them and each of them as Commissioners, by the terms of said Act, for the following reasons, namely:

"(a) That said Act, Chapter 7080 Laws of Florida, Acts of 1915, authorizes the construction of an inlet connecting the waters of Lake Worth with the Atlantic Ocean by and under the direction, supervision and management of the Board of Commissioners aforesaid, the defendants herein, and their successors, and provides that the cost of constructing and maintaining such inlet should be borne entirely by the special taxing district mentioned in said act and designated as the South Lake Worth Inlet District, and not by the people of Palm Beach County or by the State at large.

"(b) That said Board of Commissioners by the terms of said Act were authorized and empowered to borrow money and to issue negotiable promissory notes, bonds, or other evidence of indebtedness therefor to enable them to carry out the provisions of said Act, and no limitation was placed upon the amount of money which said Board of Commissioners were authorized to borrow upon their promissory notes or other evidences of indebtedness except as to the amount of bonds as hereinafter set forth.

"(c) That said Board is authorized by said Act to clean out, straighten, widen, change the course of or deepen any water course, or natural stream or body of water in said district that may be deemed necessary by said Board to facilitate the opening and maintenance of the canal, inlet or waterway between said Lake Worth and the Atlantic Ocean, and to construct and maintain canals, ditches, levees, etc., deemed by said Board necessary to construct, preserve and maintain the works in said district, thereby placing the power in the hands of said Board to tax the people of the taxing district aforesaid for the maintenance of canals and ditches heretofore constructed by private corporations for drainage purposes or otherwise, and thereby to place a lien upon the property embraced in said district for the purpose of maintaining ditches, canals and waterways heretofore constructed for drainage or other purposes by private corporations, which in the opinion of the defendant board may be necessary to protect the inlet sought to be constructed between Lake Worth and the Atlantic Ocean by the terms of said Act.

"(d) That by the terms of said Act, the defendant corporation is authorized to issue bonds to the amunt of $100,000.00, provided the same shall be approved by the affirmative vote of a majority of the qualified electors residing in said special tax district, the proceeds arising from the sale of said bonds to be used and expended in the construction of the canal or inlet between the waters of Lake Worth and the Atlantic Ocean, or other work carried on by said Board, without fixing a minimum price at which said bonds may be sold, thereby giving to the said Board the power and authority to negotiate said bonds at a ruinous discount, and causing in effect, the

people of said district to pay interest upon said bonds at a usurious rate.

"(e) That while by the terms of said Act, the inlet or canal connecting the waters of Lake Worth with the Atlantic Ocean, as contemplated, therby purports to be for the benefit of the people in said taxing district and for the purpose of maintaining the health, etc., of the people of the said district, the provisions thereof were intended to be and in effect really are for the benefit of the private corporation known as the Palm Beach Farms Company in this, that the said Palm Beach Farms Company has heretofore constructed a canal system for the drainage of lands owned by said Company lying West of Lake Worth and partly included in the said taxing district and the water drained from said area has been in great part, emptied into the waters of Lake Worth through the Boynton and the Palm Beach Canals, and such drainage has tended to deepen the water at the South end of Lake Worth and thereby made lands of riparian owners liable to overflow during storm season, and thereby to make said Company liable in damages to such riparian proprietors for the damage or injury aforesaid, and that said act is intended to cause such conditions to be abated at the expense of the people of said district instead of by the Palm Beach Farms Company, a corporation, which created those conditions and should be required to furnish the necessary outlet to maintain the water of Lake Worth at its normal level, and therefore, the Act aforesaid is class legislation.

"(f) That the Constitution of the State of Florida does not empower the Legislature to enact a Statute authorizing the levy of taxes for the purpose of constructing canals or inlets, but on the contrary such power is limited to the levy of taxes for State, County and municipal purposes only.

"(g) That there is an unauthorized delegation of power to said Board of Commissioners in the relation to the levy of taxes upon real and personal property embraced within said special taxing district.

"(h) That while the amount of bonds issuable by said Board is limited to $100,000.00, and millage levied upon the real and personal property embraced within such special taxing district is limited to ten mills in each year, still the authority of said Board by the terms of said Act, to borrow money upon its promissory notes is practically unlimited and thus said Board would have the authority to create a floating debt of such amount as would require a levy of the ten mill tax for practically an unlimited period of time, thereby creating a perpetual indebtedness upon the tax-payers of said district.

"4. Further complaining, your orators say they are informed and believe and here to state and charge that the defendant Commissioners intend to begin the performance of the duties imposed upon them by said act and to borrow money upon the corporate note of the said Board and to employ engineers for the purpose of making the surveys aforesaid and to employ men and purchase material to begin the work of constructing the canal or inlet aforesaid, and incur other expenses in connection with their powers and duties aforesaid, all of which will tend to create an indebtedness against the people and property of the taxing district aforesaid which will have to be paid by the issue of bonds and the levy of taxes as provided for by the said Unconstitutional Act, unless the said defendants are restrained from so doing by the order of this Honorable Court.

"WHEREFORE, your orators, being without remedy in the premises, save in a court of equity, humbly pray that the defendants, the said G. S. Child, C. A. Barnett, E.

Childs et al. v. Dougherty et al.—Opinion of Court

W. Bunker, W. K. Osborne, C. C. Mast and A. E. Parker, constituting the Board of Commissioners of South Lake Worth Inlet District aforesaid, may be enjoined and restrained temporarily and provisionally as well as perpetually, from borrowing money upon the corporate note of said Board or other negotiable instruments or creating any indebtedness whatever or from adopting any resolution authorizing and requiring the Board of County Commissioners of Palm Beach County to levy any taxes upon the real and personal property embraced within such special taxing district for the purpose of constructing any canal or inlet connecting the waters of Lake Worth with the Atlantic Ocean, or for other purposes named in said act, or from issuing any bonds or issuing any series of bonds as provided for in said act, or from incurring any expense whatever which shall be a lien upon the real and personal property embraced within such special taxing district, and that the said act, to-wit: Chapter 7080 Laws of Florida, Acts of 1915, may be declared unconstitutional and void."

Upon this bill after due notice given the Circuit Judge granted an order of injunction, which order is as follows:

"THIS CAUSE, coming on to be heard before me upon the application of the complainants for a temporary restraining order and it appearing that complainants were represented at the hearing by Atkinson & Burdine, their solicitors, and the defendants were represented by O. S. Miller, Esq., their solicitor, after reading the pleadings and hearing the argument of counsel, and the court being advised in the premises, IT IS ORDERED, ADJUDGED AND DECREED as follows:

"That the defendants, G. S. Child, C. A. Barnett, E. W. Bunker, W. K. Osborne, C. C. Mast and A. E. Parker, as members of the Board of Commissioners of South

Lake Worth Inlet District, of Palm Beach County, be and they are hereby enjoined and restrained from making, executing or issuing any promissory note or notes, as Commissioners of said District, or from borrowing money as such Commissioners, or from creating any indebtedness of any kind or description which would be redeemable by funds derived from the taxation of the lands embraced within such Special Taxing District, or payable out of any issue of bonds authorized by the provisions of Chapter. 7080, Laws of Florida, Acts of 1915.

"IT IS FURTHER ORDERED, that this order shall be and is without prejudice to the right of the defendants as Commissioners of such Special Taxing District, to issue and sell bonds of such District in accordance with the provisions of said Chapter 7080, Laws of Florida, Acts of 1915.

"This order to become effective upon bond conditioned according to law in the sum of $500. 00/100 being filed.

"DONE AND ORDERED at Chambers in Miami, Florida, this 1st of November, A. D. 1915."

The defendants below demurred to the bill generally and moved upon such demurrer to dissolve the injunction. The court denied the motion to dissolve the injunction and overruled the defendant's demurrer to the bill.

From the order granting the injunction, and from the orders denying the motion to dissolve same, and over-ruling the demurrer to the bill, the defendants below have appealed to this court, assigning these orders as error.

Without considering or passing upon other grounds alleged in the bill against the constitutionality of the Act Chapter 7080 Special Acts of 1915, the bill alleges dis-

tinctly: "That while by the terms of said act, the inlet or canal connecting the waters of Lake Worth with the Atlantic Ocean as contemplated, thereby purports to be for the benefit of the people of said taxing district and for the purpose of maintaining the health, etc., of the people of the said district, the provisions thereof were intended to be and in effect really are for the benefit of the private corporation known as the Palm Beach·Farms Company in this, that the said Palm Beach Farms Company has heretofore constructed a canal system for the drainage of lands owned by said company lying West of Lake Worth and partly included in the said taxing district, and the water drained from·said area has been in great part emptied into the waters of Lake Worth through the Boynton and the Palm Beach Canal, and such drainage has tended to deepen the water at the South end of Lake Worth and thereby made lands of riparian owners liable to overflow during storm season, and thereby to make said company liable in damages to such riparian proprietors for the damage or injury aforesaid, and that said act is intended to cause such condition to be abated at the expense of the people of said district instead of by the Palm Beach Farms Company, a corporation, which created those conditions, and should be required to furnish the necessary outlet to maintain the water of Lake Worth at its normal level, and therefore, the act aforesaid is class legislation."

This and other allegations of the bill are by the demurrer admitted to be true, and, if true, renders the whole act obnoxious to the provisions of Section 7 of Article IX· of our Constitution, that provides: "No tax shall be levied for the benefit of any chartered company of the State." The injunction was, therefore, properly granted, except that it should have been extended so as

to restrain also the issue and sale of any bonds under the provisions of the act, and the orders denying the motion to dissolve said injunction, and overruling the demurrer to the bill were also proper.

The orders appealed from are hereby affirmed at the cost of the appellants.

BROWNE, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.