ISLEWORTH GROVE COMPANY, *Appellant,* v. COUNTY OF ORANGE, *Appellee.*

## Opinion Filed March 3, 1920.

1. A demurrer addressed to the entire bill of complaint should be overruled if the bill contains any equitable ground or basis for the relief sought.

2. A demurrer to a bill in equity operates as an admission that all such matters of fact as are well and sufficiently pleaded in the bill are true, but allegations of law are not admitted by the demurrer.

3. When acting in good faith and within their statutory authority, county commissioners are by law accorded a wide administrative discretion which will not be controlled by the courts unless illegality or abuse of discretion is shown.

4. If an assertion by county commissioners of the right of eminent domain is admitted or proven to be in fact for a private purpose and not for a county purpose, there is no right to exercise the authority; and the action taken therein may be enjoined in appropriate proceedings by a proper complainant.

5. If a plain case of the abuse of the right of eminent domain by county commissioners is shown, the law affords a remedy in due course at the instance of proper parties.

6. When the allegations of a bill of complaint are sufficient to call for a response from county commissioners as to the legality of their exercise of the right of eminent domain, a demurrer to the bill of complaint should be overruled.

An Appeal from the Circuit Court for Orange County, James W. Perkins, Judge.

Decree reversed.

*Massey & Warlow,* and *Landis, Fish & Hull,* for Appellant;

*Robinson & Bridges,* and *Davis & Giles,* for Appellee.

WHITFIELD, J.—The bill of complaint filed herein alleges in effect that the Isleworth Grove Company, a corporation, "is now, and has for some years last past been the owner in fee of a certain tract of land" particularly described, "on which it has a valuable orange grove and other citrus fruit grove of about three hundred acres, of which two-thirds, or thereabouts, is in bearing, and yields large returns; that the said tract is peculiarly fitted "by reason of its location for citrus fruit growing, the larger part being a sort of peninsular lying between lakes, and open only at its southwest and northeast corners; that its said grove is one of the best in Orange County, or in the State, and is a valuable asset to the County of Orange and the particular section thereof in which it is situated, as well as to its owners; that complainant at large expense has supplied and equipped the said property with the best machinery, and equipment for the successful operation of a large grove property, including an irrigation plant and system; that the welfare of said grove depends largely upon the maintenance of its natural isolation and upon thus being kept from intrusion, disease and theft of fruit; that the Windermere Improvement Company is the owner of or is interested in the development of certain lands * immediately to the north of your orator's said grove (and perhaps of other lands in that vicinity,) on which it has founded a small settlement or village called 'Windermere,' and has built or caused to be built a hotel, and has sought to develop said lands by attracting winter residents and boarders,

14—Vol. 79

as well as permanent settlers; that stated actions and doings by the Windermere Improvement Company are parts of a plan to exploit your orators said grove property for the benefit and the advancement of the Windermere enterprise by obtaining easy access to a magnificent citrus grove in the immediate vicinity, and showing to prospective purchasers or customers the suitability of the lands for citrus fruit growing, and your orator avers that the same are not needed for public transportation nor use; that the entire route of the road is laid down through your orator's said property except for a distance of 1320 feet at the southern end of said proposed road the distance through your orator's property being 9736 feet or thereabouts; that pursuant to an order of the County Commissioners, their attorney has begun condemnation proceedings against complainant's said lands; that the opening of the road as aforesaid through your orator's property is not a public use, but for the private use of the Windermere Improvement Company, contrary to the constitution of the State of Florida and to the Fourteenth Amendment to the Constitution of the United States; that the south end of the road connects with no public road nor reaches any settlement, but ends in the woods some miles from any habitation in a sparcely settled cut over territory of inferior land, uncultivated and containing neither habitation, school house, post office, railroad station or other buildings which would render the proposed road either necessary or proper; and that the use of the said road will be vastly out of proportion to the damages which the said county will be obliged to pay out in money, independent of the irreparable damage which your orator's property will suffer by reason of the opening of the said road; that the opening of the said road will sacrifice many citrus trees, and that a

part of the route thereof runs directly along the crest of a hill on which your orator maintains its irrigation system which will cause a re-duplication thereof; that the State Plant Board has been engaged in an earnest and active campaign to stamp out, or to prevent the spread of diseases among citrus trees, especially the citrus canker, a fatal disease, and to that end has adopted quarantines from time to time, and has through its agent, advised your orator to keep its gates closed, and to isolate its said grove as much as possible, which your orator has done. And your orator avers that if the said road be opened through its said grove, it will greatly increase the chances of the introduction of diseases thereto, and thus cause irreparable damage to your orator's said property and the ruin of a magnificent grove." Relief by injunction was prayed.

A demurrer to the bill of complaint on the following grounds was interposed:

"1. The said bill states no ground for equitable relief.

"2. The said bill shows upon its face that the proposed condemnation and taking of the lands mentioned in the bill is for a public use and this court is without power to review or enjoin the action of the Board of County Commissioners of Orange County in ordering the condemnation of said land.

"3. The bill shows upon its face that the complainant has an adequate remedy at law."

By decree the demurrer was sustained and the bill of complaint was dismissed. Complainant appealed.

Chapter 7338, Acts of 1917, gives to the counties authority to exercise the right and power of eminent do-

main * for any county purpose. This authority is exerted through the Board of County Commissioners as prescribed in the statute.

A demurrer addressed to the entire bill of complaint should be overruled if the bill contains any equitable ground or basis for the relief sought. A demurrer to a bill in equity operates as an admission that all such matters of fact as are well and sufficiently pleaded in the bill are true, but allegations of law are not admitted by the demurrer. Shone v. Bellmore, 75 Fla. 515, 78 South. Rep. 605.

When acting in good faith and within their statutory authority, county commissioners are by law accorded a wide administrative discretion which will not be controlled by the courts unless illegality or abuse of discretion is shown.

If an assertion by county commissioners of the right of eminent domain is admitted or proven to be in fact for a private purpose and not for a county purpose, there is no right to exercise the authority; and the action taken therein may be enjoined in appropriate proceedings by a proper complainant. See Childs v. Dougherty, 73 Fla. 72, 75 South. Rep. 783.

If a plain case of the abuse of the right of eminent domain by county commissioners is shown, the law affords a remedy in due course at the instance of proper parties. See Willis v. S. R. & B. Dist. No. 2, 73 Fla. 446, 74 South. Rep. 495.

The allegations of the bill of complaint in this case, which are admitted by the demurrer, are sufficient to call for a response from the county commissioners in

order that it may be determined whether the right to exercise the power of eminent domain in this case exists or whether there is an abuse of authority in exercising the right, therefore, the decree is rversed for further proceedings.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J. concur.