CHARLES F. YATES, ET AL.

*vs.*

GEORGE R. TIFFINY

Knox.    Opinion March 17, 1927.

*An obstruction placed within the limits of a public way is a nuisance at common law and by statute.*

*One who has sustained special damage from a common nuisance may recover therefor in an action on the case.*

In the instant case the obstruction placed in the highway by the defendant, which not only obstructs the rights of the plaintiffs in common with others to pass up and down the street, but cuts off their right of access to their private property, causing special injury differing in kind and degree from that suffered by the community at large.

On exceptions. An action on the case to recover damages for obstructing a public highway over which plaintiffs had a right of ingress and egress to their private property. Defendant demurred generally which was over-ruled and exceptions taken. Exceptions overrruled.

The case appears in the opinion.

*O. H. Emery* for plaintiffs.

*J. H. Montgomery* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

STURGIS, J. Action on the case to recover damages for obstructing a public highway. General demurrer filed and overruled. Exception reserved.

The declaration sets out that the defendant erected a fence and building upon a certain public highway in Camden known as Cottage Street over which the plaintiffs had a right to travel.

An obstruction placed within the limits of a public way is a nuisance at common law and by statute. R. S., Chap. 23, Sec. 5. *Smith* v. *Preston*, 104 Me., 156; *Corthell* v. *Holmes*, 88 Me., 376. One who has sustained special damage from a common nuisance may recover therefor in an action on the case. R. S., Chap. 23, Sec. 16; *Smith* v. *Preston*, supra; *Staples* v. *Dickson*, 88 Me , 362; *Brown* v. *Watson*, 47 Me., 161.

It sufficiently appears in the plaintiffs' declaration that they were entitled to use the obstructed portion of the way for egress and ingress to their premises and in a special manner not common to the public. To reach Mill Street, a public way in the village, from the Cottage Street side of their premises, they were obliged to pass over the obstructed section of the way. The fence and building not only obstructed the plaintiff's right in common with others to pass up and down the street, but cut off their right of access to their private property. This constitutes special injury differing in kind and degree from that suffered by the community at large. *Smart* v. *Lumber Co.*, 103 Me., 37; *Cobe* v. *Banton*, 106 Me., 418.

The declaration states a legal cause of action and is sufficient on general demurrer.

*Exception overruled.*