FREDERICK W. BODE and Another, Plaintiffs, *v.* PARK HILL ESTATES, INC., and Others, Defendants.

Supreme Court, Westchester County, December 15, 1928.

*Anthony M. Menkel,* for the plaintiffs.

*Alex. H. Garnjost,* for the defendants.

YOUNG, J.   This is a suit in equity for a mandatory injunction to abate a trespass committed by the defendants upon a right of way and land belonging to the plaintiffs.

Bryant road is a " paper " street and has never been made a public highway.   The plaintiffs, as record owner and purchaser in possession, hold three lots on the easterly side of Bryant road, known as lots 96, 97 and 98 on map No. 2318.   The deeds described the lots by number as being laid out on a certain map filed in the office of the register of deeds of Westchester county.   It is alleged that the defendant Park Hill Estates, Inc., incumbered and impaired the plaintiffs' easement in Bryant road by filling the roadbed and laying a sewer and water pipe above the natural grade of the street. It appears that natural ingress and egress have been prevented as to plaintiffs' property by the fill which the defendants placed in the road.   The defendants claim that they have a right to make this fill and that the plaintiffs have no say in the matter, and quote the case of *Trowbridge* v. *Ehrich* (191 N. Y. 361) as a case in point.   Defendants strive to restrict the plaintiffs to an easement of light, air and access.

The testimony clearly shows that the plaintiffs have been cut off from access to their lots by the defendants, and the fact that the plaintiffs may have an outlet on another street through the ownership of lots on that street, which lots adjoin the lots on Bryant road,

does not do away with the plaintiffs' right to have access to the lots on Bryant road.

The plaintiffs are entitled to the injunction which they ask against all the defendants, requiring the restoration of Bryant road in the vicinity of the plaintiffs' premises to its prior natural grade and in such manner as to preserve access along Bryant road in both directions, and that in default thereof within a reasonable time the plaintiffs should have such award as the court may fix for the damages already caused by said trespass, with costs.