**J. T. FLEMING, et al., v. STATE ROAD DEPARTMENT OF THE STATE OF FLORIDA.**

25 So. (2nd) 373                                   January Term, 1946
March 8, 1946                                             Division A
Rehearing denied April 5, 1946

*Herbert Wentworth,* for appellants.

*Calvin Johnson,* for appellee.

BUFORD, J.:

This was a suit in which the amended bill of complaint appears to seek mandatory injunction to require the defendant to construct and maintain several turn-outs and connections between abutting ends of certain platted and im-

proved streets in an unincorporated subdivision largely the property of plaintiffs and the hard-surfaced highway constructed and maintained by the defendant.

A motion to dismiss on the grounds that

"1. The said amended bill wholly fails to state any fact or facts which could be the basis of the relief prayed.

"2. It affirmatively appears that if plaintiffs have any remedy such remedy may be obtained in the Court of Law.

"3. The averments of the bill wholly fail to state any fact or facts which show any legal obligations or duty on the part of the defendant to construct turn-outs or connections to property units of the plaintiffs or other persons abutting on State Road No. 23."—was sustained and it was ordered, adjudged and decreed as follows:

"1. That the said motion be and the same is hereby sustained.

"2. That plaintiff shall have thirty days from date hereof in which to amend as they may be advised; defendant to have fifteen days from the date of service on it a copy of such amendment in which to plead to or move against said amendment as it may be advised.

"3. If no amendment be filed herein within thirty days from the date hereof, this cause shall stand dismissed. Done and ordered at Tampa, Florida, this 26 day of July, 1945."

From this order notice of appeal was filed and docketed on August 28th 1945.

It is well settled that if a bill of complaint states any ground upon which equitable relief may be granted it should not be dismissed upon the ground that it contains no equity. Raulerson v. Peeples 79 Fla. 367, 84 So. 370; Isleworth Grove Co. v. Orange County, 79 Fla. 208, 84 So. 83. Neither should a bill be dismissed because it appears that the plaintiffs have an adequate remedy at law. In such case the cause should be transferred to the law side of the docket and pleadings be recast for disposition of the case in a court of law.

In State Road Dept. of Fla., et al., v. Tharpe, 146 Fla. 745, 1 So. (2) 868, we stated the case as follows:

"The facts in this case are simple but they are laden with a live question. Appellee owned a water mill on Hard Labor

Creek in Washington County which he and his predecessors in title had been operating as a saw mill, grist mill or shingle mill for more than seventy years. It was propelled by water impounded in a mill pond by erecting a dam across the creek to the east of the mill.

"When the water left the millrace, it flowed through a swamp area in five channels. At a point four or five hundred feet west of the mill, the State Road Department erected a bridge and fill aggregating 640 feet in length. The fill completely obstructed four of the channels, the result being to raise the elevation of the water in the millrace at least three feet, reducing the capacity of the mill fifty per cent."

. And then said:

"Appellee as complainant filed his bill of complaint against the appellants as defendants alleging the foregoing facts and that he repeatedly protested the building and maintenance of the fill, that it amounted to the taking of his property for the benefit of the public without due process, that such taking constituted a continual trespass, and an irreparable injury to the plaintiff, that he is prohibited from maintaining an action at law to recover damages against the State Road Department, and that his only relief is in equity. The bill prayed for an injunction against continuing the trespass and to require removal of the fill insofar as it obstructed the channels to the creek. In lieu of the latter, the defendant was granted the privilege of exercising the right of eminent domain as a means of making restitution to the plaintiff. A motion to dismiss was denied and on final hearing the Chancellor granted the relief prayed for. This appeal is from the final decree."

In that case the injunctive relief prayed for was not granted because to pursue that course would have destroyed the usability of the highway.

It appears to be well settled that the public authority constructing streets and rural highways may not destroy or materially abridge the facilities of the abutting owner or exercise the right of ingress and egress to and from the so constructed street or highway to and from his abutting property where the reasonable necessity for such facilities for ingress

and egress are shown to exist and that condemnation or other proceedings by which the authority acquires the right of way for the construction of such streets or highways does not effect the right of the abutting property owner to have convenient facilities of ingress and egress, where reasonably required for the use of his property, to be constructed and maintained without unreasonable impairment. In such cause the abutting property owner may either sue for damages at law or in equity to abate a continuing lack of facilities for ingress and egress. See McQuillan, Municipal Corporations, (2nd Ed.) Revised Vol. 4, Page 116, Sec. 1429; same page 236, Sec. 1487; Elliott on Roads and Streets, Vol. 1, 4th Ed., page 547, Sections 483 and 484. See also Beals v. Los Angeles, ......Cal. App. (2nd) ......, 116 P. (2nd) 489; Humphreys v. Dunnells, 21 Cal. App. 312, 131 Pac. 761; Morrow v. Richardson, 278 Ky. 233, 128 S.W. (2nd) 560; Ginter-Wardein Co. v. City of Alton, 370 Ill. 101, 17 N.E. (2nd) 976; Yates v. Tiffany, 126 Me. 128, 136 Atl. 668; Rose v. State, 19 Cal. (2nd) 713, 123 P. (2nd) 505; City of Rome v. LeCroy, 59 Ga. App. 644, 1 S. E. (2nd) 759; Huebschmann v. Grand Co., 166 Md. 615, 172 At. 227; Bode v. Park Hill Estates, 133 Misc. 515, 232 N.Y.S. 17.

So, in this case the bill of complaint shows that the plaintiffs very probably have a cause which will warrant relief as prayed in a court of equity but the allegation of the bill are too vaque, indefinite and uncertain to state grounds for relief which defendant may reasonably answer and thereby present to the court definite and justiciable issues. So the decree should be modified so as to give the plaintiffs reasonable time to amend the bill after the going down of this mandate, and without prejudice to the plaintiff or his successors in title to institute and maintain in the future a suit or suits against the defendant to require it to construct and maintain such facilities for ingress from the highway to the defendant's abutting property as may be found necessary for the reasonable convenience or necessity of the plaintiff or his successors in title.

The decree, when so modified, will stand affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.