William J. Sullivan, J.
Motion by defendants pursuant to CPLR 3211 (subd. [a], par. 7) for judgment dismissing the amended complaint herein and for summary judgment pursuant to CPLR 3211 (subd. [c]) is granted.
Plaintiff village instituted this action for a permanent injunction to restrain the defendants from “ constructing or commencing the construction of a street or road” on certain property within the village limits (referred to in the complaint as “ the Premises ”) to which the corporate defendant claims title. Plaintiff asserts that such construction would be in violation of the Village Law and also section 5.0 of its Building Zone Ordinances; and further alleges that same will result in continuous and irreparable damage to the village and its residents in that it will create serious drainage and soil erosion problems as well as traffic hazards.
While the sections of the Village Law allegedly violated are not pleaded, it is alleged that the construction of a street by the defendants is unlawful if not approved or authorized by the village. The section of the Building Zone Ordinance allegedly violated is section 5.0. On a prior motion Mr. Justice Robinson in denying a temporary injunction to the plaintiff held that section 5.0 which reads “ A building may be erected, altered or used, and a lot or premises may be used for any of the purposes set forth in this section and for no other” had “no application whatsoever to the completion of roads shown on a filed map ’ ’. This court agrees with that conclusion.
*334 It is not disputed that the corporate defendant is the owner of three lots known as Lots 76, 78 and 79 on a certain map entitled “ Subdivision Plan of Land at Port Washington, L. L, the property of Baxter Estates, Inc., surveyed and plotted by J. Binder, C.E., November 1910, Port Washington, L. I.” which was filed in the office of the Clerk of Nassau County on January 9, 1911, long prior to the incorporation of plaintiff village in 1932. That subdivision map, as well as the official map of plaintiff village, shows Lot 76 as fronting on Ridge Road; Lot 78 as having frontage on both Ridge Road and Bayside Avenue; and Lot 79 as abutting on both Bayside Avenue and Hillside Avenue. Both Ridge Road and Bayside Avenue are open and improved as public streets at some distance from defendants’ property, but “ dead end ” short of reaching defendants’ lots; and they have never been opened up in front of defendants’ property. The corporate defendant claims to be the fee owner of these unopened portions of the roadbeds of Ridge Road and Bayside Avenue. Although this claim of ownership is disputed by plaintiff ‘ ‘ to the best of the knowledge and information of the Plaintiff ’ ’, said allegation is not supported by any evidentiary facts and therefore is without merit on this motion (Shapiro v. Health Ins. Plan, 7 N Y 2d 56, 63; City of Albany v. McMorran, 16 A D 2d 1021).
The power and authority of the village to regulate the improvement of public streets within the village as a prerequisite to the granting of building permits for structures abutting on public streets is not open to question (Matter of Brous v. Smith, 304 N. Y. 164; Village Law, § 179-o, subd. 2); but that subject — the issuance of building permits — is not involved in this action. The basic question on this motion is whether the plaintiff village is entitled to permanently restrain defendants from opening up the “ paper streets” shown on the filed map so as to afford access to the building plots of the corporate defendant which abut thereon. As the purchaser and owner of Lots 76, 78 and 79 on the filed map, the corporate defendant has an absolute right to open up and improve the unopened portions of Ridge Road and Bayside Avenue for persons going to and from its lots; nor would this right be impaired even if it did not have title to the roadbeds (Lord v. Atkins, 138 N. Y. 184, 191; Dalton v. Levy, 258 N. Y. 161, 165; Kerrigan v. Backus, 69 App. Div. 329; Feuer v. Brenning, 279 App. Div. 1033 [2d Dept.], affd. 304 N. Y. 881; Williamson v. Salmon, 105 Misc. 485; Mann v. Groom, 133 Misc. 260; Bode v. Park Hill Estates, 133 Misc. 515).
*335 The conclusory allegations that the proposed construction will create drainage and soil erosion problems and traffic hazards are not factually supported and therefore raise no triable issues (City of Albany v. McMorran, supra; Di Sabato v. Soffes, 9 A D 2d 297). The court cannot help but conclude that they do not appear to have been made in good faith, since the village in its zeal for privacy and seclusion has refused absolutely to consider any plans whatever for improvement of the roadbeds in question, in complete disregard of defendants’ property rights. The court recognizes, of course, that the improvement by the corporate defendant of the ‘ ‘ paper streets ” so as to provide access from Lots 76, 78 and 79 to existing public streets does not per se entitle defendants to building permits for Lots 76 and 78 (a permit having already been issued for Lot 79). Observance of the provisions of section 179-o of the Village Law is still requisite; but in the event application is made for building permits, the determination of the village authorities thereon cannot be arbitrary or fail to accord due process of law to the owners’ vested property rights.
The defendants are entitled to an order dismissing the complaint on the merits, and granting summary judgment to them.