217 So.2d 838 (1969)
Sidney BENEROFE, Petitioner,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, and Escambia County, a Political Subdivision of the State of Florida, et al., Respondents.
No. 37658.
Supreme Court of Florida.
January 15, 1969.
*839 Jack S. Graff, of Levin, Askew, Warfield, Levin & Graff, Pensacola, for petitioner.
Bryan W. Henry, P.A. Pacyna and Louis S. St. Laurent, Tallahassee, for respondents.
ERVIN, Chief Justice.
The petition for writ of certiorari reflected probable jurisdiction in this Court. However, after oral argument and upon further consideration, we have determined the writ was improperly issued and the writ must be and is discharged.
In reaching this conclusion, we call attention to the fact the District Court's opinion, reported in 210 So.2d at page 28, states that while a fee title was condemned, the State Road Department did not seek to condemn the land involved for a limited access highway and the landowner made no showing that the State intended to build any physical barricade which would impede ingress and egress to and from the landowner's abutting property. Under these circumstances the District Court held the trial court properly excluded evidence of severance damages for loss of access. The District Court further held that if the landowner's right to ingress and egress is later taken after the instant condemnation has been concluded, the landowner has remedy by injunction or by inverse condemnation.
It appears to us the cases cited for conflict, Weir v. Palm Beach County (Fla.), 85 So.2d 865, and Houston Texas Gas & Oil Corporation v. Hoeffner (DCA2d), 132 So.2d 38, do not conflict with the District Court decision.
The issue in this case is whether the condemnation of a fee simple title in a strip of land for a right of way for a state highway has the automatic effect of taking the condemnee's right of ingress and egress from his remaining abutting lands. We agree with Respondents it does not. See 26 Am.Jur.2d, Eminent Domain, § 199.
In line with the holding of the District Court and the text from 26 Am.Jur.2d, Eminent Domain, § 199, we agree that even when the fee of a street or highway is in a city or a public highway agency, the abutting owners have easements of access, light, and air from the street or highway appurtenant to their land, and unreasonable interference therewith may constitute a taking or damaging within constitutional provisions requiring compensation therefor. Such easements may be condemned originally, as in the case of a limited access highway; or they may be acquired later on, if need for their acquisition arises, by the municipal or highway authorities; or compensation may be required therefor in timely and proper cases by the abutting landowners where deprivation thereof actually occurs without prior acquisition. Compare Fleming v. State Road Department, 157 Fla. 170, 25 So.2d 373; Selden v. City of Jacksonville, 28 Fla. 558, 10 So. 457, 14 L.R.A. 370, and Florida *840 State Turnpike Authority v. Anhoco Corp. (Fla. 1959), 116 So.2d 8.
The writ of certiorari is discharged.
DREW, THORNAL and CALDWELL (retired), JJ., concur.
TAYLOR, Circuit Judge, concurs specially with Opinion.
TAYLOR, Circuit Judge (concurring):
I agree that the writ of certiorari should be discharged.
However, I think we should make it clear, as did the trial judge, that there is a great difference between the power to regulate and reasonably restrict access to a highway and the power to deny access completely.
When land for a right of way is taken in fee simple the condemning agency acquires the right to change, immediately or in the future, the grade or level of the roadway, the location of drains and other details of construction of present or future facilities, as well as the power to reasonably regulate the exercise by the adjoining landowners of their right of access to the public facility. All of these should be compensated for at the time of the original taking. Later changes of grade or location of drains or other facilities in the right of way do not constitute a new taking so as to require another condemnation.
But, unless it is made to appear that the taking is for a limited access facility, the condemning agency acquires the land, even when taken in fee simple, subject to the right of each adjoining landowner to enjoy reasonable access to the public facility to be constructed.
Of course, when necessary for limited access facilities, the public can expressly condemn the rights of access of particular landowners and then, but only then, must pay for the complete destruction of these rights.
DREW, THORNAL and CALDWELL (retired), JJ., concur.