OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiffs for a preliminary injunction and partial summary judgment declaring defendant Village of Saddle Rock’s (the Village) approval of drawings or plans to construct Bayport Lane North, a paper road on a 1951 filed subdivision map, void for want of jurisdiction, on the grounds that the approval is violative of section 334-a of the Real Property Law, the Nassau County Charter and Village Law, is denied.
Cross motions by the Village and defendants Jack Cohen and Frank Tumminello for summary judgment are granted, the complaint and cross claims dismissed as against them, and the action severed against the remaining defendants.
Cross motion by defendant Rant Construction Corp. (Rant) to dismiss for failure to state a cause of action, and cross motion by defendant Surrey Development Corp. (Surrey) for summary judgment are denied.
Plaintiffs are owners of improved lots abutting a paper road entitled "Bayport Lane” created upon the filing of a subdivision map in 1951. By mesne conveyances, defendants Cohen and Tumminello took title to several unimproved lots also abutting Bayport Lane but across the road from plaintiffs. The Cohen and Tumminello lots were originally owned by Surrey. Plaintiffs’ lots (with one exception not relevant here) have a *646 view of Little Neck Bay, while those of Cohen and Tumminello are directly on the Bay. Given the plaintiffs’ location, if they are successful in preventing the construction of Bayport Lane North, they will become de facto bayfront lot owners, as Cohen and Tumminello will be unable to build in the absence of road frontage (Village Law § 7-736 [2]; Town Law § 280-a).
Plaintiffs’ allegation, that the Village’s approval of Surrey’s plans to build was unlawful, is unpersuasive. Initially it is noted and uncontested that plaintiffs are barred from commencing a CPLR article 78 proceeding to review the Village’s 1983 approval of construction plans for Bayport Lane (CPLR 217). Thus, plaintiffs are relegated to a claim that the Village was without power or jurisdiction, as a jurisdictional defect renders the approval void and tolls the Statute of Limitations (Matter of Foy v Schechter, 1 NY2d 604).
The substance of plaintiffs’ claims are as follows. The 1951 subdivision map shows Bayport Lane as an uninterrupted and continuous roadway beginning and ending at T intersections with Greenleaf Hill and Berger Drive (now Grist Mill Lane), respectively. The most northerly portion of Bay-port Lane is improved. The remainder is not. Sometime between 1978 and 1980 approval was given to Surrey to build in the bed of the paper roadway at about its midpoint, thus effectively splitting Bayport Lane into Bayport Lane North and South. Plaintiffs apparently did not protest or seek review by article 78, as required by Village Law § 7-734. Accordingly, plaintiffs are prevented by laches from protesting now. Indeed, it is clear that plaintiffs are not aggrieved by the creation of cul de sacs and building in Bayport Lane at its midpoint. Such a layout could only benefit all abutting landowners, for a dead-end street will discourage the traffic that a through street running along Little Neck Bay might draw.
Plaintiffs allege that the above alteration of Bayport Lane constituted an abandonment of the northern end of Bayport Lane as mapped, and that the subsequent approval in 1983 constituted an amendment to the filed map, as Bayport Lane is no longer a through thoroughfare. Plaintiffs also allege that defendants now plan a new road called Bayport Lane North, with a rearranged location, dimension and elevation. Thus, plaintiffs’ claims of lack of jurisdiction rest upon theories of abandonment and amendment. Both are rejected.
As noted earlier, plaintiffs must show a jurisdictional defect in order to avoid the bar of the Statute of Limitations. The *647 difference between acting in an arbitrary and capricious manner and acting in excess of jurisdiction has been explained as follows: "The terms 'arbitrary’ and 'capricious’ mean willful and unreasoning action without consideration of or in disregard of the facts * * * or without determining principle * * *. An arbitrary determination is not, however, ipso facto one made in excess of jurisdiction. The jurisdiction of an administrative board or agency consists of the powers granted it by statute and a determination is void where it is made either without statutory power or in excess thereof * * * [emphasis supplied]. In such a case there is nothing to be reviewed, the determination being a nullity * * *. It is illegal for an administrative agency to reach a conclusion not permitted by the statute but it is arbitrary and capricious if it merely fails to give due weight to the evidence * * *. Both the 'arbitrary and capricious’ standard and the 'substantial evidence’ rule * * * relate to justification rather than to power * * *. In the instant case the board had the power to refuse approval to petitioner’s plat for the reasons stated in the record since basic or quasi-jurisdictional facts are shown * * *. The failure to make supportive findings available to petitioner renders the determination merely arbitrary but not void for lack of jurisdiction.” (Matter of Elwood Investors Co. v Behme, 79 Misc 2d 910, 913.) Here, the "power and authority of the village to regulate the improvement of public streets within the village as a prerequisite to the granting of building permits for structures abutting on public streets is not open to question” (Village of Baxter Estates v G. N. M. Constr. Co., 49 Misc 2d 333, 334; Village Law § 7-724). Accordingly, if "basic or quasi-jurisdictional facts” are shown, the approval is not void for lack of jurisdiction.
Turning to plaintiffs’ twin theories of abandonment and amendment, and the Village’s claim that neither exists, it is first noted with regard to abandonment that no authority has been presented to support such a theory. When an offer of dedication by the filing of a subdivision map is made, and the purchase of lots from the dedicator with reference to the filed map ensues, individual abutting owners may not revoke the dedication, and the Village "may accept the dedication offer at any time prior to a valid revocation by all interested parties” (Hubbard v City of White Plains, 18 AD2d 674, 675). Here there has been no revocation by all abutting landowners, and thus the Village has the power to accept a dedication of Bayport Lane. Plaintiffs’ reliance on Matter of Fox St. (54 App *648 Div 479) is misplaced, for there the offer of dedication expired by statute. Laws of 1861 (ch 311) required a street to be opened within six years of mapping (see, Matter of Fox St., supra). No such statute is operative here. Indeed, case law indicates that the Village may be without "power” to "restrain” the opening of a paper street shown on a filed map, thereby preventing access to building plots (see, Village of Baxter Estates v G. N. M. Constr. Co., 49 Misc 2d 333, 334, supra).
Insofar as plaintiffs’ claim of amendment rests upon a claim of abandonment, it fails.
The Village, moving for summary judgment, claims that the subsequently filed maps complained of by plaintiffs provide detail of the proposed construction of Bayport Lane, and are in accordance with the boundaries set forth in the 1951 map. Thus, the Village argues, there was no amendment and no need to comply with the requirements of Real Property Law § 334-a. Indeed, Village Law § 7-724 triggers the process called for by plaintiffs only upon the laying out of "new streets” or the "altering, widening, narrowing or discontinuing of a street” (see also, Village Law § 7-732).
The maps submitted on the motion do not establish a departure from the 1951 filed map, with the exception of the earlier noted disecting of Bayport Lane at its midpoint, an amendment of which plaintiffs can no longer complain. There is no widening, narrowing or altering. The proposed construction appears to be in compliance with the 1951 map. Plaintiffs’ opposition on the Village’s motion is not supported by any evidentiary facts and is, therefore, "without merit on this motion” (see, Village of Baxter Estates v G. N. M. Constr. Co., 49 Misc 2d 333, 334, supra). Plaintiffs cannot create a triable issue where none is apparent by reference to the proverbial dog "that quacks like a duck”. It is "incumbent upon the plaintiff to come forward and present evidence, in evidentiary form, sufficient to create a triable issue of fact” (Kennerly v Campbell Chain Co., 133 AD2d 669, 670). Plaintiffs’ expert civil engineer affidavit in support of plaintiffs’ motion for summary judgment fails to point out any departure from the 1951 map, but rather refers to a drawing "incorporated” into that filed map which indicates some differences in elevation between the drawing and the 1983 approved plan.
Under these circumstances, it cannot be said that the Board acted in excess of its jurisdiction for it had the power to *649 approve the submitted plans which did not purport to alter or amend the 1951 filed map, and pass a resolution which did not approve any amendment to the filed map.
Turning to the motion for summary judgment by defendants Cohen and Tumminello, plaintiffs have failed to offer any evidence connecting these defendants to the construction of Bayport Lane North. Viewing the plaintiffs’ allegations most favorably they establish only that Cohen and Tumminello are third-party beneficiaries of a contract between Surrey and Rant to construct Bayport Lane North. The only remaining causes of action sound in negligence and tort for nuisance and trespass. Cohen and Tumminello cannot be held liable to plaintiffs for the acts of third parties. The "common law in the State of New York does not impose a duty to control the conduct of third persons to prevent them from causing injury to others” (Purdy v Public Adm’r of County of Westchester, 72 NY2d 1). Plaintiffs have shown no special circumstances such as a master/servant relationship, to warrant exception to the general rule (Purdy v Public Adm’r of County of Westchester, supra).
As questions of fact remain regarding the acts and relationship of Surrey and Rant, their motions for summary judgment and to dismiss are denied.