VILLANTI, Judge.
Johnson’s Services challenges the trial court’s entry of final judgment after it denied Johnson’s Services’ motion for partial summary judgment and entered summary judgment in favor of Pinellas County (the County). We reverse and remand because the trial court incorrectly determined as a matter of law that Johnson’s Services did not have a constitutionally protected property interest subject to protection under 42 U.S.C. § 1983 (2000).
Johnson’s Services purchased the land and gas station relevant to this dispute from Chevron U.S.A., Inc. At the time of the purchase, the parcel had four driveways providing access to U.S. Highway 19 and Sunset Point Road. However, shortly after Johnson’s Services purchased the gas station, the County “curbed off’ two of the driveways, thus cutting the number of Johnson’s Services’ driveways in half. Johnson’s Services contends that the County failed to provide it with notice of its intention to curb off these driveways and therefore deprived it of a property interest without due process. For purposes of its motion for summary judgment, the County admits that it failed to provide Johnson’s Services with notice. However, it disputes this contention in response to Johnson’s Services’ motion for summary judgment.
The trial court’s analysis in granting the County’s motion for summary judgment focused on the fact that Johnson’s Services’ right of access had not been “substantially diminished.” Because there was no substantial diminishment, the trial court concluded, Johnson’s Services did not have a property right subject to constitutional protection. Without the loss of a constitutionally protected right, Johnson’s Services had no cause of action under § 1983.[1]
*472 The parties agree that Pinellas County, as a local government body, is amenable to suit under § 1983. See Monell v. Dep’t of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A plaintiff may sue a government entity under § 1983 for a violation of its rights to procedural due process. Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); Crocker v. Pleasant, 778 So.2d 978, 983 (Fla.2001). To prevail in a § 1983 procedural due process claim, a plaintiff must establish both the existence of a property right with which the government has interfered and that the government’s procedures “attendant upon that deprivation were constitutionally [injsufficient.” Ky. Dep’t of Corr. v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).
Rather than address Johnson’s Services’ procedural due process argument, the trial court determined that Johnson’s Services did not have a property right, in a constitutional sense, in the curbed-off driveways because the County had not substantially interfered with Johnson’s Services’ access to the public roadways. The difficulty with the trial court’s approach, as with the County’s argument, is that it focuses on the Just Compensation Clause of the Fifth Amendment to the United States Constitution, rather than the Due Process Clause. Under the Just Compensation Clause, to be a compensable taking, property access must be “substantially diminished” by the government. Palm Beach County v. Tessler, 538 So.2d 846, 849 (Fla.1989). If the government does not interfere with an individual’s property rights in a substantial way, the government’s interference does not amount to a taking and is simply a lawful exercise of its police power. Anhoco Corp. v. Dade County, 144 So.2d 793, 798 (Fla.1962). In this sense, property is not constitutionally protected, under the Just Compensation Clause, until the government has interfered with an individual’s property rights in a significant, substantial way.
The Due Process Clause, on the other hand, does not take into consideration the severity of the government’s interference with the property right for purposes of determining whether the property right exists. This is necessarily so because the Due Process Clause, unlike the Just Compensation Clause, does not attempt to quantify the value of property taken. Instead, the question is whether there is a property right as defined by state law and whether the government provided sufficient due process attendant to the deprivation of that property right. See Thompson, 490 U.S. at 460, 109 S.Ct. 1904; Crocker, 778 So.2d at 983. Under the Due Process Clause, property rights do not spring from the Constitution. Crocker, 778 So.2d at 983.
Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law— rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.
Id. (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). It is only after finding that a property right exists that a court considers whether that right is afforded constitutional protection. Id.
Under Florida law, access rights to public roadways are property interests. See Tessler, 538 So.2d at 848 (“the right of access is a property right which appertains *473 to the ownership of land”); Benerofe v. State Road Dep’t, 217 So.2d 838, 839 (Fla.1969) (“when the fee of a street or highway is in a city or a public highway agency, the abutting owners have easements of access, light, and ah’ from the street or highway appurtenant to their land”). When the government does not substantially interfere with these access rights, the interference does not rise to the level of a compensable taking. However, the lack of compensability does not obliterate the existence of the property interest.
Here, the County interfered with Johnson’s Services’ access rights to the public roadway: where there were four means of access, now there are two. The County intimates that because Johnson’s Services still has access to the roadway, it thus ipso facto has not interfered with Johnson’s property rights. Again, this argument incorrectly concerns itself with whether the County’s interference amounted to a com-pensable taking, a question not at issue under the Due Process Clause. The relevant question is whether the means of access to a public roadway with which the County interfered were property interests under state law, and the answer to that question is yes.
Because the trial court determined as a matter of law that no property right existed, it did not consider the second prong of Johnson’s Services’ § 1983 claim, i.e., whether the County had afforded Johnson’s Services sufficient due process attendant to the interference. Johnson’s Services argues that the trial court should have granted partial summary judgment in its favor on this issue. The County argues that it did provide notice to Chevron and that this notice was sufficient to apprise Johnson’s Services of its construction plans. Evidence of its notice to Chevron is in the form of an appraisal report and construction plans. Though this evidence is scant, it does create a genuine issue of material fact as to whether Johnson’s Services was afforded sufficient process. See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (stating the government must provide “notice reasonably calculated, under all the circumstances, to apprise intended parties of the pendency of the action and afford them an opportunity to present their objections”). Therefore, although we reverse the summary judgment in the County’s favor, we affirm the trial court’s denial of Johnson’s Services’ motion for partial summary judgment.
Accordingly, we reverse the final judgment entered in favor of the County and the order granting the County’s motion for summary judgment. However, we affirm the denial of Johnson’s Services’ motion for partial summary judgment and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
COVINGTON, J., and GREEN, OLIVER L., Senior Judge, Concur.

. 42 U.S.C. § 1983 (2000) provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes lo be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, *472 or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....