■ HENRY L. MILLER, Appellant, v CITY OF RENSSELAER et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered April 23, 1982 in Albany County, which granted defendants' motion to dismiss the complaint insofar as it sought punitive damages against defendants, and granted defendants' motion to require plaintiff to replead deleting any demand for a specific amount of monetary damages against defendants. This action was initiated by plaintiff in the latter part of October, 1981, by service of summons and complaint. The complaint alleges that between 9:30 P.M. and 10:00 P.M. on January 10, 1981, plaintiff was removed from the Hulla-Baloo bar and grill in the City of Rensselaer by defendant police officers without probable cause. Plaintiff was frisked and searched, taken into custody and arrested. The complaint alleges that defendant police officers used excessive force in placing plaintiff in the police car and transporting him to the police station. Defendant police officers refused to attend to plaintiff's injuries and plaintiff was placed in a cell for nearly one and one-half hours before being taken to a hospital for treatment. Defendant police officers accused plaintiff by criminal information of disorderly conduct, assault in the third degree, criminal mischief in the fourth degree, and attempted criminal mischief in the fourth degree. The complaint alleges causes of action under both the Federal Civil Rights Act (US Code, tit 42, § 1983) and common law. In pertinent part plaintiff seeks specific monetary damages and punitive damages. Defendants moved to dismiss that portion of the complaint seeking punitive damages and further moved to require plaintiff to replead deleting any demand for a specific amount of monetary damages. Special Term granted the motion and this appeal ensued. We turn first to the issue concerning Special Term's dismissal of that portion of the complaint which sought punitive damages. In this regard, it is now well established that in section 1983 causes of action, punitive damages may not be assessed against a State or its political subdivisions (*Newport v Fact Concerts,* 453 US 247). Further, with respect to common-law causes of action, the same rule precluding assessment of punitive damages applies (*Sharapata v Town of Islip,* 56 NY2d 332). However, while punitive damages may not be awarded against municipalities, such damages may, in

appropriate situations, be awarded against individual officials in section 1983 actions to deter the deprivation of constitutional rights (*Newport v Fact Concerts,* 453 US 247, 269-270, *supra; La Belle v County of St. Lawrence,* 85 AD2d 759, 761). And although *Newport* (*supra*) dealt with Federal claims, its logic is no less compelling when the issue is the propriety of granting punitive damages on State causes of action, brought in the civil rights context, against the individual officers. Permitting such damages to be awarded on common-law claims against police officers who engage in brutal and indefensible conduct is in accord with the "twin justifications for punitive damages — punishment and deterrence" (*Sharapata v Town of Islip, supra,* p 338). Our decisions in *La Belle* (*supra*) and *Van Buskirk v Bleiler* (46 AD2d 707) do not require a different result for they stand for the proposition that a public officer acting within the scope of his employment and performing a duty which is otherwise legal cannot be subject to exemplary damages even if it is demonstrated that his motives are malicious (see *Brandt v Winchell,* 3 NY2d 628, 635). In contrast, the police officers here are accused of maliciously engaging in conduct far in excess of their rightful authority. These allegations, if proven, should lay the officers open to punitive damages (see *Lochhaas v State of New York,* 64 AD2d 816; *Raplee v City of Corning,* 6 AD2d 230, 232). That there is no general prohibition against allowing punitive damages under these circumstances was manifested by the Legislature in 1982 when it amended the Public Officers Law to forbid public indemnification of the obligation of governmental employees to personally satisfy punitive damage claims incurred (Public Officers Law, § 17, subd 3, par [c]; see, also, § 17, subd 3, pars [a], [c]; § 18, subd 4, pars [b], [c]; *Sharapata v Town of Islip, supra,* p 338). Finally, the factual context of this suit, as pleaded, is such that we do not believe plaintiff's failure to specifically plead that the individual officers were acting outside the scope of their employment when the claimed brutality is alleged to have occurred should relieve them from having to respond in punitive damages for their conduct. We now turn to that portion of the appeal concerning Special Term's grant of defendants' motion to require plaintiff to replead, deleting any demand for specific money damages. In this regard, effective June 30, 1981, section 50-e of the General Municipal Law and CPLR 3017 (subd [c]) were amended to require that all notices in tort cases and all demands for relief against a municipal corporation, respectively, be silent in respect to the precise sum of damages sought. Plaintiff seeks to have Special Term's order reversed only insofar as it applies to the plea for damages against defendant police officers in their individual capacity. We agree with plaintiff that this portion of Special Term's order must be reversed. The subject statutes provide only that demands for relief against *municipal corporations* be silent with respect to the precise sum of damages sought. We fail to perceive the necessity for this court to extend this clear statutory direction. Order modified, on the law, by reversing so much thereof as dismissed that portion of the complaint seeking punitive damages pursuant to section 1983 (US Code, tit 42, § 1983) and pursuant to the State causes of action against the defendant police officers and granted defendants' motion to require plaintiff to replead, deleting any demand for specific money damages against defendant police officers sued in their individual capacities, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.