■ RONALD S. HARVEY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 96808.) [722 NYS2d 605] —Rose, J. Appeal from a judgment of the Court of Claims (King, J.), entered January 3, 2000, upon a decision of the court in favor of claimant.

On July 12, 1995, claimant was laid off from his civil service position with the Department of Environmental Conservation and his name was placed on preferred lists and reemployment rosters for comparable titles by the Department of Civil Service (hereinafter Department). On August 25, 1995, due to a clerical error by the Department, claimant's name was removed from the lists and rosters. He brought this error to the Department's attention and his name was restored on October 31, 1995. However, on November 1 and 2, 1995, other State agencies made permanent appointments to two grade 18 positions for which claimant would have enjoyed a preference, and a clearance would not have been issued, if his name had remained on the lists. Claimant was hired to fill the next available such position, a grade 23 in the Division of Budget, on September 30, 1996.

Claimant subsequently commenced this action seeking compensation for the damages he suffered as a result of the removal of his name from the lists. After the State answered, he made disclosure demands for full documentation of all personnel transactions for positions for which he was eligible. Instead, the State produced, *inter alia*, computer-generated reports of all appointments to titles for which claimant would have enjoyed a preference. The Court of Claims eventually rejected claimant's objections to the completeness of the State's disclosure and determined that he should have been hired to fill one of the positions to which other persons had been appointed on November 1 and 2, 1995. The court calculated his damages from the date those positions were filled until he was hired 11 months later by adding the salary of a grade 18 for that length of time, lost retirement contribution, purchase of health insurance coverage and 11 months towards retirement, and then deducting unemployment benefits and outside earnings received, for a total of $33,100. Claimant now appeals the award as insufficient.

Turning first to claimant's contention that the Court of Claims should not have accepted the accuracy of the computer reports generated by the State and denied his requests for disclosure of all personnel transactions, we find no rational basis to impute general negligence in the State's recordkeeping of personnel transactions merely because of its admitted error in removing his name from the lists. In addition, the records sought by claimant would not have afforded him any relevant assistance in this action because, at best, they would have revealed additional job openings for which he would have been qualified, but also which the hiring agencies would not have been required to fill. Recognizing that control of such disclosure "is within the sphere of the trial court's broad discretionary power and, absent abuse, should not be disturbed" (*Ricci v Memorial Hosp.*, 209 AD2d 786; *see, Dunlap v United Health Servs.*, 189 AD2d 1072), we perceive no basis to do so here.

Next, as the State stipulated to the fact that claimant's name was erroneously removed from the lists, the primary issue in this case and on appeal is the scope and calculation of damages flowing from that error. In this regard, we note first that claimant had the burden of proving lost wages with reasonable certainty (*see, Faas v State of New York*, 249 AD2d 731, 732-733; *Walsh v State of New York*, 232 AD2d 939, 940-941; *Johnston v Colvin*, 145 AD2d 846, 848-849). Here, as was found by the Court of Claims, claimant proved with reasonable certainty that the persons hired on November 1 and 2, 1995

would not have received their jobs if his name had been on the lists. Thus, the Court of Claims correctly determined that claimant was entitled to damages calculated at the grade 18 salary from November 1, 1995 to September 30, 1996, the date he was actually rehired.

As for claimant's arguments that he should have been awarded interest on each of the paychecks that he would have received if he had been hired in November 1995 and that his award should not have been reduced by other earnings received during this period, we note that the evidence at trial established that his wrongful removal from the lists was merely an unintentional clerical error, and that this is not a case where an employee was wrongfully removed from a position and then reinstated by court order (*compare*, Civil Service Law § 77). The court's denial of interest also was not error for claimant did not expressly request such relief in his pleadings or raise the issue upon his motion for reconsideration (*see, Davis [Roberts] [Mariano] [Higgins] v Rosenblatt*, 159 AD2d 163, 173, *appeals dismissed* 77 NY2d 823, 834, 79 NY2d 822, *lv denied* 79 NY2d 757, 758).

Nor did the Court of Claims err when it declined to award claimant additional damages for the monetary value of tax advantages allegedly lost when he was required to make a deferred compensation election that he would not have had to make if the State had reinstated him prior to October 7, 1995. The Court of Claims correctly determined that even if he had been earlier restored to the lists, claimant would not have been appointed to a position until November 1, 1995, a date nearly one month after he was required to make his election.

The Court of Claims did, however, err in its calculation of the total amount awarded because it deducted the full amount of unemployment benefits received by claimant even though, according to claimant's counsel and not disputed by the State, only $3,210 in such benefits was received during the 10.7 weeks following October 31, 1995. Accordingly, the judgment is modified to award an additional $4,590, for a total of $37,690.

Finally, we also reject claimant's contention that his claim for a noncompensatory award is one for damages for a constitutional tort, rather than for punitive damages, based on the violation of his civil service rights guaranteed by the State Constitution. We find no basis in this record to elevate a clerical error by the Department to the level of a deprivation of constitutional rights where, once the error was pointed out, the Department promptly corrected it. Such is not necessary here to ensure either the furtherance of the constitutional provision

or an adequate remedy to the person affected (*see, Martinez v City of Schenectady,* 276 AD2d 993; *cf., Brown v State of New York,* 89 NY2d 172). Viewed alternatively as punitive damages, the additional award sought by claimant also would be inappropriate here both because punitive damages may not be assessed against the State (*see, Sharapata v Town of Islip,* 56 NY2d 332, 338-339; *Miller v City of Rensselaer,* 94 AD2d 862) and because claimant was wronged as a result of a clerical error rather than as the result of intentional or egregious conduct.

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by increasing the amount awarded from $33,100 to $37,690, and, as so modified, affirmed.