■ RADOJE LAZIC et al., Respondents, v CAROLE A. CURRIER et al., Appellants. [893 NYS2d 373]—

Lahtinen, J.

Plaintiffs disagree with two of their neighbors about whether plaintiffs own and/or have an easement over parts of a former town road, which runs along the borders of the parties' various properties and which was abandoned in the mid-1950s by the Town of Gallatin, Columbia County. The abandoned road (referred to by the parties as Old Snyderville Road) runs generally from Snyderville Road at its southerly end, a distance estimated at less than a quarter of a mile, to County Route 8 at its northerly end. Defendant Carole A. Currier's property is located generally on the east side of the abandoned road for its entire distance. On the west side of the abandoned road, going from south to north, are the properties of defendant Louis Bonifati, plaintiffs, and an individual who is not involved in this litigation. Plaintiffs commenced this action seeking, among other things, to enjoin defendants from allegedly blocking a portion of the abandoned road that plaintiffs claim they own and further declaring that plaintiffs have an easement over the abandoned road. Defendants made pre-answer motions to dismiss asserting that the complaint failed to state a cause of action (*see* CPLR 3211 [a] [7]) and that the action was barred by the statute of limitations (*see* CPLR 3211 [a] [5]). Supreme Court denied defendants' motions and they now appeal.

When considering a motion to dismiss pursuant to CPLR 3211, the complaint is liberally construed, the facts alleged therein are accepted as true, plaintiffs are accorded every favorable inference and the court determines only whether the facts

alleged in the complaint "fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]); *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Crepin v Fogarty*, 59 AD3d 837, 838 [2009]). Further, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d at 88). Applying this liberal standard, plaintiffs' complaint was sufficient to survive pre-answer dismissal.

Plaintiffs allege in their complaint and in affidavits submitted in opposition to the dismissal motions that, among other things, their predecessors were entitled to ownership to the centerline when the road was abandoned by the Town. They contend that part of the property in dispute falls within such area. An affidavit and survey from a licensed surveyor was submitted and purports to show ownership by plaintiffs to the centerline of the former road. Plaintiffs also assert that they and prior owners had continuously used the road before it was abandoned as a way to access a portion of their property and that such portion of their property is accessible only by such means. While various reply papers submitted by defendants reflect that they may have viable defenses, those papers are insufficient to necessitate dismissal at this early point in the litigation. Defendants' statute of limitations defense rests upon factual contentions, some of which are contested by plaintiffs, and thus does not provide a ground for dismissal at this procedural juncture. The remaining arguments have been considered and are unpersuasive.

Peters, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.