In the Matter of Upstate Land and Properties, LLC, Appellant, v Town of Bethel et al., Respondents. [905 NYS2d 284]—

---

Peters, J. Appeal from a judgment of the Supreme Court (Meddaugh, J.), entered June 1, 2009 in Sullivan County, which, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, granted respondents' motion to dismiss the first and fifth causes of action of the petition/complaint.

Petitioner owns a large tract of vacant land consisting of two contiguous parcels within the Town of Bethel, Sullivan County, which fronts on two public roads known as Ballard Road and Pine Grove Road, as well as five smaller roads. Because the property is bisected by wetlands running north to south, the western portion is not accessible from an existing driveway on Ballard Road other than by foot. In anticipation of development of the property, but without first obtaining approval, petitioner created a rough entranceway from Pine Grove Road in order to conduct soil and engineering tests and survey the western portion of the property. Days later, respondent Lynden Lilley, the Highway Superintendent for respondent Town of Bethel, issued a notice of violation for construction of a driveway without a proper permit.

Petitioner paid the assessed fine and applied for a driveway permit. Lilley issued a temporary driveway permit for a "field or woodlot entrance." Soon after, petitioner performed additional work on the driveway, including the removal of trees.* The Town's engineer, Glenn Smith, subsequently inspected the area and reported that the newly constructed entrance was nearly 200 feet in length and ranged from 18 to 30 feet in width, extended to within feet of a neighboring property and posed the threat of additional runoff and drainage concerns for the neighboring property that required erosion control measures. Thereafter, Lilley revoked petitioner's temporary permit on the basis that the work performed exceeded the scope of the permit.

---

* Following issuance of the temporary permit, a neighboring property owner commenced an action against the parties in this proceeding/action seeking a preliminary injunction prohibiting the construction of either a road or driveway from Pine Grove Road to petitioner's property. According to petitioner, Supreme Court (Sackett, J.) denied injunctive relief and granted it permission to remove some trees along the previously constructed entranceway.

Petitioner then applied for permission to access the western parcel from other locations and, following a letter from the Town Board requesting that no driveway permit be issued at that time, Lilley denied petitioner's request.

Petitioner commenced the instant proceeding pursuant to CPLR article 78 to annul the revocation of its temporary permit and action for declaratory judgment and damages pursuant to 42 USC §§ 1983 and 1988. As relevant here, Supreme Court dismissed the fifth cause of action, which alleged procedural and substantive due process violations pursuant to 42 USC § 1983 and sought counsel fees under 42 USC § 1988. Petitioner now appeals, arguing that it has sufficiently pleaded a substantive due process claim pursuant to 42 USC § 1983.

When considering a motion to dismiss pursuant to CPLR 3211 (a) (7), we afford the pleadings a liberal construction, accept the facts alleged therein as true, accord the plaintiff the benefit of every possible inference and determine whether the facts alleged fit within any cognizable legal theory (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Lazic v Currier*, 69 AD3d 1213, 1213-1214 [2010]). To state a substantive due process claim in the land-use context, petitioner must allege "(1) the deprivation of a protectable property interest and (2) that 'the governmental action was wholly without legal justification' " (*Matter of Ken Mar Dev., Inc. v Department of Pub. Works of City of Saratoga Springs,* 53 AD3d 1020, 1024-1025 [2008], quoting *Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627 [2004]; *see Town of Orangetown v Magee*, 88 NY2d 41, 52-53 [1996]).

First addressing petitioner's claim as it relates to the revocation of its temporary driveway permit, petitioner was required to establish " 'more than a mere expectation or hope to retain the permit and continue [its] improvements; [petitioner] must show that pursuant to [s]tate or local law, [it] had a legitimate claim of entitlement to continue construction' " (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 627, quoting *Town of Orangetown v Magee*, 88 NY2d at 52). Although a protectable property interest is established when a landowner effects substantial changes and incurs substantial expenses to further the development in reliance on a legally issued permit (*see Town of Orangetown v Magee*, 88 NY2d at 52), the petition alleges that nearly all work on the subject woodlot entrance was complete at the time of the issuance of the temporary permit and does not claim that petitioner thereafter performed any significant work in reliance on the permit. Even if the further removal of trees and expansion of the driveway could be viewed as

having been performed in reliance on the temporary permit, such work is not "so substantial that the municipal action results in serious loss rendering the improvements essentially valueless" (*id.* at 48; *see Glacial Aggregates LLC v Town of Yorkshire,* 14 NY3d 127, 136-137 [2010]; *Matter of Sterngass v Town Bd. of Town of Clarkstown,* 10 AD3d 402, 405 [2004]). Furthermore, given that the permit was of a temporary nature and authorized only the woodlot entrance created for the limited purpose of inspecting the property, respondents' conduct cannot be said to have " 'engendered a clear expectation of continued enjoyment' of the permit" (*Town of Orangetown v Magee,* 88 NY2d at 52-53, quoting *Barry v Barchi,* 443 US 55, 64 n 11 [1979]). Thus, petitioner's allegations were insufficient to establish the existence of a protectable property right in the temporary permit.

We do find, however, that petitioner has successfully stated a cause of action under 42 USC § 1983 for deprivation of a protectable property interest based upon Lilley's blanket denial of any and all access to the 60-acre western portion of its property. As previously noted, although the western portion abuts five other town roads, it is not accessible from any existing driveway and, without a driveway, can be accessed only by foot. Given the severe limitations this lack of access places on petitioner's use and development of its property, the complaint sufficiently alleges the deprivation of a vested property interest (*see Matter of Ken Mar Dev., Inc. v Department of Pub. Works of City of Saratoga Springs,* 53 AD3d at 1022).

While respondents are vested with discretion to grant or deny a driveway permit at a specific access point (*see Bower Assoc. v Town of Pleasant Val.,* 2 NY3d at 628), they do not assert any valid reason upon which they base the denial of all access. Rather, as Lilley's letter shows, the sole reason for denying petitioner any access was the Town Board's request that no access be granted because petitioner had previously failed to comply with the Town's driveway laws and the conditions of his temporary permit. Absent the Town Board's blanket prohibition, however, and subject to the particulars of a specific application, there is "a very strong likelihood" that a driveway permit for one of the other locations would be granted (*id.* [internal quotation marks and citation omitted]). Given that the blanket denial was punitive rather than based upon permissible considerations pursuant to a specific application, petitioner's allegations that the denial was due to the complaints of neighbors and political pressure on the Town Board are sufficiently specific and supported by the record to meet the pleading requirement

1454

that the " 'governmental action was wholly without legal justification' " (*Matter of Ken Mar Dev., Inc. v Department of Pub. Works of City of Saratoga Springs,* 53 AD3d at 1024-1025, quoting *Bower Assoc. v Town of Pleasant Val.,* 2 NY3d at 627; *see Town of Orangetown v Magee,* 88 NY2d at 53).

The parties' remaining contentions are either rendered academic by our determination or have been reviewed and found to be without merit.

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's fifth cause of action to the extent that it alleges a 42 USC § 1983 claim based upon respondent Lynden Lilley's denial of a permit for access to the western portion of petitioner's property, and, as so modified, affirmed.