■ SOLOMON RYLES et al., Appellants, v CITY OF NEWBURGH et al., Respondents. [927 NYS2d 603]—

The defendant William Cummings established his prima facie entitlement to judgment as a matter of law dismissing of the complaint insofar as asserted against him. In response, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]). However, contrary to the Supreme Court's holding, the defendants City of Newburgh, Newburgh City Manager Jeanann McGrane, and Newburgh City Building Department (hereinafter collectively the Newburgh defendants) failed to sustain their burden of making a prima facie showing of entitlement to judgment as a matter of law. The evidence submitted in support of their motion for summary judgment, which included the deposition testimony of the plaintiff Solomon Ryles and the defendant William Cummings, presented triable issues of fact as to whether a building permit was properly and validly issued to the plaintiffs in the first instance (*see Town of Orangetown v Magee*, 88 NY2d 41 [1996]; *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]). The failure to make a prima facie showing eliminating those issues of fact required the denial of the motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court correctly granted Cummings's cross motion for summary judgment, but should have denied the Newburgh defendants' motion for summary judgment. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.