18-905-cv
*Rosenwasser v. Fordham Univ.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand nineteen.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
            SUSAN L. CARNEY,
                     *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATTHEW J. ROSENWASSER,
                     *Plaintiff-Appellant*,

            v.                                          18-905-cv

FORDHAM UNIVERSITY, JOHN CARROLL,
Head of Security, JOSEPH McSHANE,
President,
                     *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Matthew J. Rosenwasser, *pro se*, New York,
                                New York.

FOR DEFENDANTS-APPELLEES:       James Gerard Ryan, Cullen and Dykman LLP,
                                Garden City, New York.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Matthew Rosenwasser, proceeding *pro se*, appeals the district court's judgment entered March 15, 2018, dismissing his claims under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, against defendants-appellees Fordham University and its head of security and president (collectively, "Fordham"). Rosenwasser's claims arise from events that occurred in May 2010 when Fordham banned Rosenwasser from its campus after a security guard complained that he had harassed her.[1] On June 11, 2011, Rosenwasser commenced an action in state court against Fordham based on the May 2010 events. The state court dismissed all but one of Rosenwasser's claims on Fordham's motion to dismiss and dismissed the final claim on summary judgment on May 12, 2017. Two months after the state court's May 2017 decision, Rosenwasser filed the current action below, alleging similar, if not identical, claims to those raised in the state court. By

---

[1] The facts relied on for our review are drawn from Rosenwasser's federal court complaint filed July 10, 2017, as well as his state court complaint filed June 11, 2011, and the state court's May 12, 2017 summary judgment decision, which are incorporated by reference into the federal court complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("[A] complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (internal quotation marks omitted)).

order entered March 14, 2018, the district court granted Fordham's motion to dismiss, holding that Rosenwasser's federal claims were untimely.   We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."   *Chambers*, 282 F.3d at 152; *see also City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (reviewing district court's interpretation and application of statute of limitations at pleadings stage *de novo*).   The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   We construe *pro se* complaints liberally to raise the strongest claims they suggest, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam), but we "cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations, or arguments that the submissions themselves do not suggest," *id.* at 477 (internal quotation marks and citation omitted).

As an initial matter, Rosenwasser does not raise on appeal his primary argument in the district court that the three-year statute of limitations on his federal

claims was tolled while he litigated in state court from June 2011 to May 2017.[2]

Therefore, we deem the argument abandoned. *See LoSacco v. City of Middletown*, 71

F.3d 88, 92-93 (2d Cir. 1995) (noting that, despite the special solicitude afforded to them,

*pro se* appellants abandon issues not presented in their appellate briefs, especially when

they raised them below and elected not to pursue them on appeal).

Instead, Rosenwasser argues that the statute of limitations was equitably

tolled based on three additional grounds. These grounds, however, were neither

alleged in his pleadings nor raised in the district court, and therefore they are waived

and cannot be raised at this juncture for the first time. *See Morse v. Univ. of Vt.*, 973 F.2d

122, 125 (2d Cir. 1992) (declining to address appellant's equitable tolling argument that

was not raised in the district court); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir.

1994) ("[I]t is a well-established general rule that an appellate court will not consider an

issue raised for the first time on appeal.").

Even assuming Rosenwasser did not waive these arguments, we conclude

that he failed to present "rare and exceptional circumstances" warranting equitable

tolling. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (noting that we will apply

equitable tolling where "extraordinary circumstances prevented a party from timely

---

[2]    Although Rosenwasser contends that his Title IX claims are not subject to a statute of limitations, it is well established that New York's three-year limitation period for personal injury actions is applicable to claims brought under Title IX and § 1983. *See Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (Title IX claims); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (§ 1983 claims); *see also* N.Y. C.P.L.R. § 214(5).

performing a required act, and . . . the party acted with reasonable diligence throughout the period he sought to toll" (internal quotation marks and alterations omitted)). First, Rosenwasser argues that Fordham misled him as to the proper cause of action by labeling the security guard's complaint as "harassment" -- instead of "sexual harassment" -- to avoid triggering Title IX. This assertion is unavailing because, even if the allegations were mislabeled, Rosenwasser was aware of the facts underlying the security guard's complaint. Second, Rosenwasser contends that Fordham prevented him from exercising his rights by refusing to conduct a Title IX investigation. The fact that Rosenwasser did not "discover[] the existence of Title IX" until "after years of legal research," Appellant's Reply Br. at 8, however, is of no moment because ignorance of the law is not sufficient to justify equitable tolling. *See Ormiston v. Nelson*, 117 F.3d 69, 72 n.5 (2d Cir. 1997). Finally, Rosenwasser's claim that he timely filed his complaint but in the wrong forum is similarly meritless because New York state courts have concurrent jurisdiction with federal courts over Title IX and § 1983 claims and thus these claims could have been brought in his state court action. *See Town of Orangetown v. Magee*, 88 N.Y.2d 41 (1996) (adjudicating § 1983 claim in state court); *In re Mularadelis v. Haldane Cent. Sch. Bd.*, 427 N.Y.S.2d 458 (2d Dep't 1980) (adjudicating Title IX claim in state court). Therefore, Rossenwasser's reasons for delay do not support equitable tolling.

\* \* \*

We have considered Rosenwasser's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court